DISTRICT OF NEW YORK

SOUTHERN DISTRICT

JAMES JENKINS,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES

LLC, a foreign limited liability company,

Defendant.

AND

MERCHANTS ASSOCIATION COLLECTION DIVISION

Inc, a foreign corporation,

Defendant.

**18 CV 3883**

Plaintiff alleges that at all times material:

Case No.

COMPLAINT

Fair Credit Reporting Act (15 U.S.C. § 1681

et seq.)

Demand for Jury Trial

1. This is a civil action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681et.seq. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

2. Plaintiff James Jenkins ("plaintiff") is a natural person as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3. Defendants, Merchants Association Collection Division, Inc. ("Merchants" or "Defendant") is a collection agency and Equifax Information Services, LLC, ("Equifax" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4. On or about May 2016, plaintiff contacted Equifax, in writing, requesting verification of the reporting of accounts, 10717852 and 10702759. Equifax violated 15 USC 1681e, not following procedures to assure maximum possible accuracy of the credit report.

5. On or about July 2016, plaintiff contacted Equifax, in writing, requesting verification of the reporting of accounts, 10717852 and 10702759. Equifax violated 15 USC 1681e, not following procedures to assure maximum possible accuracy of the credit report.

6. Defendant, Equifax also refused to follow 15 USC 1681i as it relates to procedures in cases of disputed accuracy. If an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency, Equifax should have promptly deleted the accounts from the credit file.

7. Defendant, Merchants damaged the plaintiff, Jenkins reporting the account two times to further damage the plaintiff's credit report and score.

8. Defendant, Merchants violated 15 USC 1681s-2, not adhering to the responsibilities of furnishing accurate information to the credit reporting agency, Equifax. The misreporting by Merchants was negligent and willful.

FIRST CLAIM FOR RELIEF

(FCRA-15 U.S.C. §1681n)

9. Plaintiff re-alleges paragraphs 1- 8 as if fully set forth herein..

Equifax willfully failed to comply with the requirements imposed under the FCRA, 15

U.S.C. §1681 et seq., including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of

the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

c) providing plaintiffs credit file to companies without determining that these

companies had a permissible purpose to obtain plaintiffs credit file pursuant to U.S.C. §1681b

and

d) failing to provide plaintiff him credit file pursuant to 15 U.S.C. §1681g.


10. As a result of Merchant's and Equifax's violations of the FCRA, Plaintiff has suffered, continues to

suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit,

worry, humiliation, distress and frustration to him, damages in an amount to be determined by the jury.


11. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.


12. Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition

to any statutory damages in an amount to be determined by the Court.

13. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(FCRA-15 U.S.C. §1681o)

14. Plaintiff re-alleges paragraphs 1 - 9 as if fully set forth herein.

15. Merchants and Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

c) providing plaintiffs credit file to companies without determining that these companies had a permissible purpose to obtain plaintiffs credit file pursuant to U.S.C. §168lb and

d) failing to provide plaintiff his credit file pursuant to 15 U.S.C. §1681g.

16. As a result of Equifax's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, worry, humiliation, distress and frustration, all to him damages, in an amount to be determined by the jury.

17. Plaintiffs entitled to actual damages in an amount to be determined by the jury.

18. Plaintiffs entitled to her legal fees including court costs, pursuant to 15 U.S.C. § 1681o(a).

PRAYER

Plaintiff demands a jury trial on all claims. Wherefore plaintiff, James Jenkins prays for a

judgment as follows:

1. On Plaintiffs First Claim for Relief for willful violations of the FCRA against Defendants, Merchants and

Equifax:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury; and,

c. Statutory damages as determined by the court; and

d. Court costs.

2. On Plaintiffs Second Claim for Relief for negligent violations of the FCRA

against Defendant Equifax:

a. Actual damages in an amount to be determined by the jury;

b. Court costs.

3. On All Claims for Relief, costs and expenses incurred in this action.

DATED this 23rd day of April 2018.

/s/ James Jenkins

James Jenkins
Jluvely2000@yahoo.com
Telephone (310) 994-9049
Facsimile (212) 490-0323

Gotham BMG
420 Lexington Avenue Suite 300
New York, NY 10170







US Courthouse - SDNY
500 Pearl Street
New York, NY 10007-1312
Attn: Court Clerk